Forsyth *et al. v.* Baxter *et al.*

John R. Forsyth and Andrew Gray, appellants, *v.* Rorert Baxter, Edward D. Hicks, Henry Ewing, and Anthony W. Vanlear, appellees.

*Appeal from Peoria.*

It is a sufficient compliance with the statute requiring the names of parties litigant to be endorsed on depositions, to endorse the names of the firms.

A leading question is not always objectionable.

It is no error to admit in evidence the laws of another State, when they are like our own, even where there is no averment of such laws in the declaration.

Where a note is made in another State, interest will be allowed according to

(1) R. L. 402, 404 ; Gale's Stat. 415, 416.

our laws, where there is no averment of the laws of the foreign State, or that interest is there recoverable.

This was an action commenced in the Peoria Circuit Court by the appellees against the appellants, upon a promissory note of which the following is a copy :

"$400 $\frac{0\ 0}{1\ 0\ 0}$. St. Louis, May 22d, 1837. Ten days after date, we promise to pay to the order of Hicks, Ewing & Co., four hundred dollars $\frac{0\ 0}{1\ 0\ 0}$ for value received without defalcation.

FORSYTH & Co."

The declaration was in the usual form, and contained but one count. The plaintiffs were alleged to be " of the city and county of St. Louis, State of Missouri," and to be partners under the name of Hicks, Ewing & Co. The declaration alleged the note to have been made " at St. Louis, to wit, at Peoria." There was no other averment of the place or county in which said note was made. The defendants filed their plea of *non assumpsit,* upon which issue was taken.

From the bill of exceptions, it appears that a deposition was taken in the cause, and returned to the clerk's office, sealed up and directed to the said clerk, with the following endorsement, " Hicks, Ewing & Co. *v.* Forsyth & Co."

The defendants in the Court below excepted to said deposition, " because the names of the parties litigant were not endorsed on the deposition ; " and to the second interrogatory in said deposition, " because said second interrogatory was leading and improper." It was as follows :

" Question 2d. Do you know whether the said plaintiffs, Robert Baxter, Edward D. Hicks, Henry Ewing, and Anthony W. Vanlear are doing business in company under the firm and style of Hicks, Ewing & Co., and if yes, how long have they, to your knowledge, been doing business in company as aforesaid ? " The answer to this interrogatory was, " They are, and have been for about three years."

The Court overruled said exceptions, and on the trial of the cause permitted the whole of the said deposition to be read in evidence. The Court also permitted the plaintiffs " to read in evidence the laws of the State of Missouri to prove that the said plaintiffs were entitled to recover interest on promissory notes, made in the State of Missouri, to which the defendants objected, because there was no averment in the declaration that the said plaintiffs, by the laws of the State of Missouri, were entitled to claim interest on promissory notes." To each of said decisions the defendants excepted. By agreement of parties, the cause was then submitted to the Court for trial, without the intervention of a jury. Judgment was rendered for the plaintiffs, from which

the defendants appealed to this Court, and assigned for error the decisions of the Court which were excepted to.

The cause was heard at the May term, 1838, of the Court below, before the Hon. Dan Stone.

W. FRISBY and G. T. METCALF, for the appellants, relied upon the following points and authorities :

The revised statutes of this State, in the act concerning depositions, require all depositions to be sealed up and directed to the clerk of the court issuing the commission, " *with the names of the parties litigant endorsed thereon*," R. L. 227 ; Gale's Stat. 245.

The Court will not allow leading questions, that is, questions which suggest to the witness the answers to be made ; and questions to which the answer yes or no would be conclusive, are certainly objectionable. 1 Stark. Ev. 123, and cases there cited.

The Court will not *ex officio* take notice of foreign laws, and consequently they must in general be stated in pleading. 2 East. 273 ; Cowp. 174 ; 6 Mod. 194 ; Salk. 651 ; 4 T. R. 191 ; 3 Esp. 164.

The general principle seems to be, that the plaintiff cannot introduce evidence in support of matters not averred or set forth in the declaration. 1 Chit. Plead. title *Declaration.*

H. P. JOHNSON, for the appellees, relies upon the following :

1st. The statute requiring the names of the parties litigant to be endorsed on the deposition, is only directory to the person taking the deposition, and only necessary to enable the clerk to know in what cause to file the deposition, and can in no way affect the witness, the testimony, or the manner of taking it, and relates only to the duty of the officer, and is beyond the control of the party. R. L. 227 ; Gale's Stat. 245.

2d. *Leading Questions.* — It is necessary to lead the mind of the witness to a certain extent, to bring his mind upon the subject of enquiry. — Roscoe's Ev. 94 ; 1 Stark. Ev. 124 and note. Nichald *v.* Dowling & Knup, 1 Starkie's Cases 65 ; Accerro *et al. v.* Petroni, *Ibid.* 80 ; The People *v.* Mather, 4 Wendell 247 ; Jackson *v.* Packhurst, 4 Wendell 369 ; 2 Digest N. Y. Reps. 460.

3d. The contract or note bears interest according to the laws of this State, unless it be pleaded that the note was made in some other State. In the first instance, the contract is to be treated as if made in this State, and the venue must be laid in the county where the suit is brought ; and if the defendant wishes to avail himself of the laws of another State, for the construction of his contract, he should plead that the contract was made in such State, and then the plaintiff could reply and set forth the law of such State. The defendant cannot, under the general issue, drive the plaintiff to a nonsuit by proving that the contract was made in

another State, and if it be competent for the defendant, under the general issue, to prove that the contract was made in Missouri, it certainly is competent for the plaintiff to show the law of that State, and that the defendant is liable to interest thereby.

*Lex Loci*, 2 Kent Com. 459.

4th. It is immaterial what the laws of Missouri are, until the defendants have shown, by pleading, that they differ from ours. 1 Chit. Plead. 247.

5th. The contract is personal, and the defendants liable upon it in any State, until they show, by pleading, that it was made in another State whose laws exempt them, — as the rate of interest upon such instruments, is the same both in this State and Missouri, it can make no difference with the defendants under the laws of which State it is recovered.

SMITH, Justice, delivered the opinion of the Court :

The grounds of error assigned in this case are not sustainable. The objection that the cause is not rightly entitled by the endorsement on the deposition, is not valid. It is substantially set forth, and sufficiently to indicate in what cause the proceedings were had. We do not perceive any objection to the question propounded in the interrogatories, and to which exception is taken as being a leading question. On the exception to reading the laws of Missouri, we are at a loss to perceive what error there was in admitting those laws to show that by those laws, (the contract being there made,) like under our own, the debtor was chargeable with the payment of interest on the sum expressed in the note, after the day of payment had elapsed. It did not change the rate of interest for which the debtor was liable, those laws, like ours, establishing the rate at six per centum per annum. If the laws had not been adduced, still the plaintiffs were entitled to the same rate, and consequently their introduction produced no wrong, if we suppose the Circuit Court awarded interest under those laws, and not our own. It is impossible to learn, from the decision, under which act the Court decided ; and the mere reading of the law of Missouri, would be no ground of error.

Had the Court awarded a much larger sum for interest, and had the statute of Missouri been referred to, to justify the sum allowed, it might then, perhaps, have been important to enquire whether a party could recover a greater amount of interest than that allowed by the laws of our State, without averring that by the laws of the State where the contract was made, he was entitled thereto. We are of opinion that the judgment should be affirmed with costs.

*Judgment affirmed.*